652 A.2d 1280

**Melvie HAINES and Walter Haines Individually and Melvie Haines as Parent and Natural Guardian of Tamika Haines, a Minor, Appellants,**

**v.**

**RAVEN ARMS, Donn's Inc., Brenda Teagle and Diane Teagle, Walter Butler, and Eastern Shooters, Appellees.**

Supreme Court of Pennsylvania.

Reconsideration Granted June 7, 1994.

Decided Jan. 13, 1995.

402

Robert C. Daniels, Stephen T. Saltz, and Larry Bendesky, Philadelphia, for Haines.

Frederic L. Goldfein, Leslie Anne Miller, and Roseann Lynn Brenner, Philadelphia, for Donn's Inc.

Brewington R. Croswell, Philadelphia, for Teagles.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*SUPPLEMENTAL OPINION OF THE COURT*

FLAHERTY, Justice.

Upon reconsideration, the trial court was directed to file a supplemental opinion explicating the standard upon which remittitur was granted, and the parties were given opportunity to file briefs in response to the supplemental opinion. To clarify our decision, we enter this brief supplement to the opinion of the court.

 On remand, the trial court wrote:

[W]e are being asked whether we found that 'the verdict so *shocks the sense of justice* as to suggest that the jury was influenced by partiality, prejudice, mistake, or corruption.' If pressed to apply that standard, we determine that the $8,000,000 verdict 'so shocks our sense of justice' so as to suggest that the jury was influenced 'by mistake' and by 'partiality.'

. . . .

If the trial judge is put in the position of echoing the 'magic words' of *Carminati* [*v. Philadelphia Transportation Co.*, 405 Pa. 500, 509, 176 A.2d 440, 445 (1962) ] as to determining whether the verdict 'shocks the sense of justice,' or, as it has evolved, is 'shocking to the conscience' (see *Tulewicz v. SEPTA*, 529 Pa. 584, 606 A.2d 425 (1991), the trial judge will say 'yes,' and the other member of this Court en banc concurs in that statement.

Slip op. at 4, 6. This is the correct standard.

█ The statement in our opinion dated March 29, 1994, that the en banc trial court "understandably" failed to state that the verdict shocked the court's conscience or sense of justice, has resulted in uncertainty as to the standard for granting a remittitur. The trial court's failure to use the words "shocks the conscience" was "understandable" in that our opinion in *Scaife Co. v. Rockwell–Standard Corp.*, 446 Pa. 280, 290, 285 A.2d 451, 456–57 (1971), might have been read to eliminate the use of those words. Such a reading, however, is erroneous. In *Scaife* we condemned the bare use of such conclusory statements, insisting instead that the court's conclusion be supported by additional underlying reasons. If a trial court states *only* that a verdict shocks the conscience of the court, meaningful appellate review is impossible, but such a statement is necessary to insure that the correct standard is being applied. When a court finds that a verdict shocks its conscience, it must articulate *both* the conclusion *and* the reasons supporting a reduction of the verdict.

The trial court's opinions make it clear that the $8,000,000 verdict shocked the court's sense of justice and was shocking

404

to the conscience. In addition, the court stated its supporting reasons for that conclusion. Accordingly, there was no abuse of discretion, and the judgment of the Superior Court is affirmed.

CAPPY, J., files a concurring and dissenting opinion which is joined by PAPADAKOS, J.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, concurring and dissenting.

As more specifically set forth in my original dissent in this matter, I believe that there are insufficient facts of record to support a finding that the verdict of the jury "shocks one's sense of justice" or "shocks one's conscience." However, I am constrained to agree that the Majority, in its Supplemental Opinion, has now stated the correct standard by which remittitur is to be reviewed. In my view, the error lies with the trial court's application of that standard to these facts in reaching its conclusion.

PAPADAKOS, J., joins in this concurring and dissenting opinion.